[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION
The plaintiffs, Donald L. Somers and Betty Jo Somers, are the owners in fee simple of premises shown and designated as "parcel A 1,108, 763 sq. ft. 25.46" acres on a certain map entitled "Boundary Map Prepared For Donald L. Somers CT Page 2685 Glastonbury, Conn. Megson Heagle Civil Engineers Land Surveyors 81 Rankin Road Glastonbury, Conn. 06033 Date 9-5-89, Scale 1"-100' Map 80-89-1B Sheet 1 of 1 Rev. 9-26-89," which map is on file in the Glastonbury Town Clerk's office.
The defendants, Joseph Peter and Alene Mary Wolf LeVasseur, own and possess a prescriptive right of way across said premises of the plaintiffs, having acquired said right of way by prescription over a period of more than 15 years, said right of way being located generally southerly of the northerly line of the above-described premises.
By agreement of the parties the court has been asked to determine the location, dimension, scope, intensity and use of said right of way.
In their complaint the plaintiffs allege the following:
1. That the defendants have been using the right of way in an unreasonable manner in that they have attempted to expand the boundaries of said right of way and have thereby damaged the property of the plaintiffs.
2. That the defendants have entered upon property of the plaintiffs and removed or damaged boundary markers.
3. That the actions of the defendants constitute a continuing trespass upon the property of the plaintiffs which interferes with the reasonable enjoyment of the plaintiffs' property.
4. That the defendants travel said right of way in an unsafe and unreasonable rate of speed.
5. That the defendants travel said right of way with commercial vehicles and for commercial purposes beyond the purpose of said right of way and causing damage to the remaining property of the plaintiffs.
6. That using said right of way in an unreasonable manner has caused continuous noise, dust and vibration which disturbs the peaceful possession of the plaintiffs' property.
7. That the acts complained of are a nuisance. CT Page 2686
By way of counterclaim the defendants allege the following:
In count 1, a right of way easement by prescription.
In count 2, a right of way easement by necessity.
In count 3, a right of way easement by grant.
Because of the agreement of the parties that the defendants do in fact own a prescriptive right of way across the premises of the plaintiffs, it is unnecessary to address the claims alleged in the counterclaim. Thus, the court will not address those claims. However, the defendants, through their attorney, have requested that they be allowed to install electrical or utility lines along said right of way. The court will thus address that issue.
The court has heard the evidence presented by the parties, studied the exhibits, and viewed the premises of both parties. It has travelled along the right of way which begins at Thompson Street and extends back to and beyond the premises owned by the defendants. The right of way is the only means by which the defendants have access to their property from Thompson Street.
The court finds the following:
. That the defendants have travelled the entire right of way in an unsafe and unreasonable rate of speed.
. That the defendants' use of the right of way from Thompson Road past the home of the plaintiffs for a distance of 450.49 feet has been unreasonable in that they have travelled said distance at an unreasonable rate of speed and have caused noise, dust, vibration, and injury to the driveway of the plaintiffs.
. The defendants have been using large trailers on said right of way for transportation of horses and dogs. Plaintiffs claim that the use of these large trailers has increased and that said large trailers have been used for commercial purposes. The court finds that the use of these large trailers has in fact increased, but does not believe the plaintiffs have proved that such trailers are commercial vehicles or that they are used for commercial purposes. The court finds that the use of these vehicles should not be prohibited so long as they are not used CT Page 2687 for commercial purposes.
. The question of what the width of the right of way has been over the years is in dispute. The plaintiffs claim that the right of way has been widened over the years by the defendants. The defendants deny that claim. Thus, the court has been asked to determine what the proper width of said right of way is.
. That the installation of electrical or utility lines will be harmful to the property on either side of the right of way.
After hearing and studying all the evidence the court enters judgment as follows:
1. The plaintiffs, Donald L. Somers and Betty Jo E. Somers, their heirs and assigns, are the owners of fee simple record title in and to the premises shown and designated as "parcel A 1,108,763 sq. ft. 25.46" acres on a certain map entitled, "Boundary Map Prepared For Donald L. Somers Glastonbury, Conn. Megson Heagle Civil Engineers Land Surveyors 81 Rankin Road, Glastonbury, Conn. 06033 Date 9-5-89 Scale 1"=100' Map No 80-89-1B Sheet 1 of 1 Rev. 9-26-89", which map is on file in the Glastonbury Town Clerk's Office.
2. The defendant, Arlene Mary Wolf LeVasseur, her heirs and assigns, are entitled to and now own and possess a prescriptive right of way across the premises of the plaintiffs, having acquired said right of way by prescription over a period of more than 15 years, said right of way being located generally southerly of the northerly line of the premises herein described in paragraph one (1) hereof and said right of way is defined and limited as follows:
 (a) The right of way from the westerly property line of the plaintiffs to a point which is 66 feet more or less from said westerly line, is an unobstructed driveway which is 10 feet at the said westerly property line and narrows over an even course to a width of 9 feet at said 66-foot mark, and thereafter from said 66-foot mark, to a point which is 450.49 feet easterly of said westerly property line said right of way becomes again an unobstructed 10-foot driveway, and thereafter the right of way from said 450.49-foot mark to a point which CT Page 2688 is 1660.00 feet easterly of the westerly property line of the plaintiffs' said right of way is an unobstructed 12-foot driveway. The right of way from the paved surface of Thompson Street to the westerly boundary line of the plaintiffs is a driveway which is 28 feet at the paved street surface of Thompson Street narrowing over an even course (i.e. in a straight line) to 10 feet at the westerly property line of the plaintiffs' property.
 (b) The defendants shall pay the plaintiffs the sum of $1,000, without costs, for the damage caused to the property of the plaintiffs, and the defendants are permanently restrained and enjoined from unreasonably damaging any surface installed by plaintiffs over the initial 450.49-foot portion of said right of way.
 (c) The defendants shall have the right and privilege to install gravel or a reasonable substitute (excluding bituminous concrete or amesite) on the remaining portion of the driveway described in paragraph (a) hereto only to the width herein described to a depth not to exceed six inches for the purpose of reasonably maintaining the same and providing for proper access to their premises. Such gravel or reasonable substitute shall be free from chemical hazards and shall not be in the form of waste product. The reasonable substitute fill material shall be subject to approval by the plaintiffs, which approval shall not be unreasonably withheld. The speed limit on said driveway over such gravel portion shall be a maximum of 10 miles per hour.
 (d) The defendants, plaintiffs and their guests, invitees, licensees and agents shall not exceed 5 miles per hour in any vehicle at any time while traversing the portion of the driveway from the paved portion of Thompson Street to the point which is 450.49 feet easterly of the westerly line of plaintiffs' property.
 (e) The right of way shall be used by the defendants, their heirs and assigns, and by their agents and invitees, for access to their property now owned by Arlene Mary Wolf LeVasseur for normal residential purposes and including the uses associated with the non-commercial use of the defendants' property for the stabling of horses and the raising and breeding of dogs and the CT Page 2689 normal recreational uses associated with such uses including the transporting of such animals over and across the driveway described in paragraph (2) hereof in trailers not to exceed 28 feet in length. The plaintiffs, their heirs and assigns shall have the right and privilege, in common with the defendants to use said right of way for access to and from their property as described in paragraph (a) hereof.
3. The plaintiffs and their heirs and assigns shall be permanently restrained from interfering with the right of way as described herein. Unobstructed as used herein shall be deemed to mean that the plaintiffs shall not construct any wall or pole across or within said right of way, nor install or construct a wall of any type along the borders of the right of way which is less than two feet from any boundary of the right of way, as defined herein, over the first 450.49 feet thereof or three feet from any boundary of the right of way, as defined herein, over the remaining 1209.51 feet thereof. There is expressly excluded and excepted from the above restriction any existing wall or stone wall currently in place and specifically the retaining wall next to the plaintiffs' house.
4. The defendants, their heirs and assigns, and their guests and invitees shall be permanently restrained from using the right of way defined herein beyond the limits of the same as defined herein or from violating any of the use or speed restrictions as stated herein. Emergency vehicles such as fire trucks or ambulances are excepted from this restraining order.
5. The defendants, their heirs and assigns, are expressly prohibited restrained from installing underground or prohibited and restrained from installing underground or overground electrical lines or utility lines of any kind except the existing telephone cable as currently installed.
Allen, J. CT Page 2690